UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Erika Covarrubias-Ramirez, | Case No. 2:26-cv-01289-CDS-BNW |
| Plaintiff | **Order Denying Without Prejudice the Petitioner's Emergency Petition for Writ of Habeas Corpus** |
| v. | |
| Markwayne Mullin, et al., | [ECF No. 1] |
| Defendants | |

Erika Covarrubias-Ramirez filed an emergency petition for writ of habeas corpus and an emergency motion for a temporary restraining order and preliminary injunction. Pet. & mot., ECF No. 1.[1] Therein, she challenges her immigration detention at the Eloy Federal Contract Facility in Eloy, Arizona, and alleges that she is a class member of the certified class in *Jacobo-Ramirez v. Mullin*, No. 2:25-cv-02136-RFB-MDC. *Id.* at 2. Specifically, she alleges that she is a "longtime Las Vegas Resident" whose removal proceedings "were initiated in Las Vegas Immigration Court on January 4, 2026." *Id.* Yet, three days before her bond hearing, which was scheduled in the Las Vegas Immigration Court for January 14, 2026, ICE transferred her to the detention center in Arizona—without advance notice to counsel or an order changing venue. *Id.* This transfer, the petitioner argues, makes her a *Jacobo-Ramirez* class member. *Id.* at 2–3.

The petitioner is correct, but she seeks relief in the wrong court. That is, she technically is a class member, but the District of Nevada lacks jurisdiction to award the relief she seeks. Per the district of confinement rule, the District of Arizona would be the proper venue to adjudicate the petitioner's claims because she was detained in Arizona—not Nevada—when she filed her petition. *See Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024) ("[F]or core habeas petitions

---

[1] I note that the petition and motion violate the local rules, as each relief sought must be filed in separate filings. *See* LR IC 2-2(b) (stating that, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document"). But for judicial efficiency, I nonetheless review the requested relief.

challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The petitioner's class action membership in *Jacobo-Ramirez* does not in itself confer the District of Nevada with jurisdiction to hear her challenge to her present physical detention in Arizona. Rather, the petition's filing and petitioner's detention would have to have simultaneously occurred in Nevada. But that is not the case here, so this court lacks jurisdiction to grant the relief she seeks.

IT IS HEREBY ORDERED that the petition for writ of habeas corpus and emergency motion for a temporary restraining order and preliminary injunction **[ECF No. 1] is denied without prejudice.**

The Clerk of Court is kindly instructed to close this case.

Dated: April 28, 2026

_____
Cristina D. Silva
United States District Judge

2